IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| Richard Woodard, | Case No. 1: 24 CV 1743 |
| Petitioner, | |
| -vs- | JUDGE PAMELA A. BARKER |
| Warden Douglas Fender, | MEMORANDUM OPINION AND ORDER |
| Respondent. | |

Petitioner Richard Woodard, proceeding *pro se*, has filed a Petition for a Writ of Habeas Corpus in this case under 28 U.S.C. § 2241. (Doc. No. 1). He is a federal pre-trial detainee in the Northeast Ohio Correctional Center awaiting trial in a criminal case pending before this Court. *See United States v. Woodard*, 1: 20 CR 473 (N.D. Ohio). In his Petition, Petitioner purports to challenge the sufficiency of the charges brought against him in the pending federal criminal case. (*See* Doc. No. 1 at 2, ¶ 6.) For relief, he seeks dismissal of "all charges." (Doc. No. 1-1 at 11.)

Federal courts must conduct an initial review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). A court must deny a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)).

Upon review, the Court finds that the Petition must be dismissed.

To be eligible for habeas corpus relief under § 2241, a federal pretrial detainee must first exhaust other available remedies. *Alden v. Kellerman*, 224 F. App'x 545, 547 (7th Cir. 2007). Thus, a criminal defendant cannot file a petition for writ of habeas corpus to raise defenses that may be raised in his federal criminal prosecution. *Horning v. Seifart*, 107 F. 3d 11 (Table), No. 1997 WL 58620, * 1 (6th Cir. Feb. 11, 1997) (the habeas "remedy cannot be invoked to raise defenses to a pending federal criminal prosecution"); *Holland v. Gilliam*, No. 91-5242, 1991 WL 150821, * 1 (6th Cir. Aug. 6, 1991) ("[h]abeas corpus relief is not available where, as here, a petitioner may pursue his claim in the underlying criminal proceedings"). "It is well settled that in the absence of exceptional circumstances in criminal cases the regular judicial procedure should be followed and habeas corpus should not be granted in advance of a trial." *Jones v. Perkins*, 245 U.S. 390, 391 (1918); *see also Riggins v. United States*, 199 U.S. 547, 550-51 (1905) (vacating order granting habeas relief when pretrial detainees filed habeas petitions before "invok[ing] the action of the circuit court upon the sufficiency of the indictment by a motion to quash or otherwise"); *Medina v. Choate*, 875 F.3d 1025, 1029 (10th Cir. 2017) ("§ 2241 is not a proper avenue of relief for federal prisoners awaiting federal trial"). A federal criminal defendant must challenge his criminal case by filing any pre-trial motions in the trial court, followed by a possible appeal after judgment before he may seek habeas corpus relief. *Medina*, 875 F.3d at 1029.

The pending § 2241 petition must be dismissed because Petitioner has not yet been tried in his federal criminal case, and he has not yet exhausted his claims in that case.

## Conclusion

Accordingly, Petitioner's motion to proceed *in forma pauperis* (Doc. No. 2) is granted, and his Petition is denied and this action is dismissed pursuant to 28 U.S.C. § 2243 and Rule 4 of the

Rules Governing Habeas Corpus Cases. The Court further certifies that an appeal from this decision could not be taken in good faith. *See* Fed. R. App. P. 24(a).

    **IT IS SO ORDERED.**

Date: December 12, 2024

    s/*Pamela A. Barker*
PAMELA A. BARKER
U. S. DISTRICT JUDGE